UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES COPELAND, | ) | CASE NO. 5:07 CV 594 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF AKRON, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On February 28, 2007, plaintiff pro se Charles Copeland filed this action against the City of Akron. In the complaint, Mr. Copeland attempts to remove a state court criminal proceeding to federal court pursuant to the Administrative Procedures Act, 5 U.S.C. § 701, 42 U.S.C. §§ 1981 and 1983, and 28 U.S.C. §§ 441, 445, 458, 1331, and 1446.[1] He contends he is being denied due process and asks that this court accept jurisdiction over the case. Mr. Copeland also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Mr. Copeland was issued a nine count criminal citation by the Akron Municipal Court on August 29, 2006. The charges appear to be the result of unresolved housing code

---

[1] 28 U.S.C. §§ 441 and 445 do not exist. Section 458 provides that no person shall be appointed to any office in any court if the person is related to any judge of the court. Section 1331 provides for federal question jurisdiction. Section 1446 provides the procedure for removing cases from state court.

violations. He disputes the charges. Specifically, he claims that the siding on his home does not need to be replaced because it was constructed of material approved by the State of Ohio. In the same paragraph he claims he cannot replace it because it is made of asbestos. He acknowledges that his house has no down spouts but claims that they should not be replaced until the roof is repaired. He contends that the city housing inspector is not an electrical engineer and therefore cannot tell him the wiring is unsafe. He claims the health code violations pertaining to utilities do not hurt anyone but him so they should not be the subject of a government investigation. He denies that his house has rodents. He believes his cement steps are better than wood steps and refuses to replace them. He claims that he did not fail to abide by a court order and should not have been charged with contempt of court. Finally, he claims that he was denied due process because Akron authorities did not follow civil remedies prior to pursuing a criminal action against him. Mr. Copeland has filed a Notice of Removal pursuant to "5 U.S.C.S. review of administrative procedure," 42 U.S.C. §§1981, 1983, and 28 U.S.C. §§ 441, 445, 458, 1331, and 1446. (Compl. at 1.) He seeks a favorable ruling on the criminal matters as well as an award of $10,000,000.00 in damages.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v.

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is
(continued...)

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Title 28 U.S.C. § 1441, which governs civil actions removable from state court, provides that such removal may only occur when a federal court has original jurisdiction over the matter. Mr. Copeland's criminal prosecution in the Akron Municipal Court for failing to correct city housing Code violations does not concern a matter which could have been filed originally in federal court. The defendant seeking removal of the criminal case must include all grounds for removal to federal court. In his Notice of Removal, Mr. Copeland simply disputes the charges against him. There is simply no basis for the removal of Akron Municipal Court Case No.610741 to federal court.

The only federal question which is contained in Mr. Copeland's pleading is a claim for denial of due process which now attempts to raise against the City of Akron to obtain damages. This claim must be dismissed. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. See Younger v. Harris, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is mandated whether the

---

(...continued)
invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." Younger, 401 U.S. at 44.  All three factors supporting abstention are present in this case.  The issues presented in the complaint are clearly the subject of a state court criminal matter, which are of paramount state interest.  See Younger, 401 U.S. at 44-45.  Furthermore, Mr. Copeland has not set forth facts which reasonably suggest the Ohio courts cannot or will not provide an adequate opportunity for him to raise his constitutional claims.  Consequently, this court is required to abstain from intervening in the Akron Municipal Court's proceedings.

Even if the Younger Doctrine did not require this court to abstain from hearing Mr. Copeland's case, his case would be dismissed because he fails to state a claim upon which relief can be granted.  As an initial matter, the Administrative Procedures Act, 5 U.S.C. § 701, does not apply to the City of Akron.  By the express terms of the statute, it provides judicial review only of decisions of federal government agencies.  5 U.S.C. § 701(b)(1).  The City of Akron is not a federal agency.

Mr. Copeland also fails to state a claim under 42 U.S.C. § 1981.  To establish a claim under that statute, plaintiff must allege: (1) he is a member of a racial minority, (2) the defendants intended to discriminate against him on the basis of his race, and (3) the discrimination concerned one or more of the activities enumerated in the statute.  Johnson v. Harrell, No. 97-5257, 1998 WL 57356 (6th Cir. Feb. 2, 1998); Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996).  The amended complaint gives no indication that plaintiff is a member of a racial minority or that any of the defendants intended to discriminate against him on the basis of his race.  His requests for relief under this statute would therefore be denied.

Finally, Mr. Copeland's claim against the City of Akron under 42 U.S.C. § 1983 would also require dismissal. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a <u>respondeat superior</u> theory of liability. <u>See</u> <u>Monell v. Department of Soc. Servs</u>., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Id</u>. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." <u>Id.</u> at 690; <u>DePiero v. City of Macedonia</u>, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the City of Akron which may have resulted in the deprivation of a federally protected right of the plaintiff.

## **Conclusion**

Accordingly, Mr. Copeland's Application to Proceed <u>In Forma Pauperis</u> is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

       IT IS SO ORDERED.

Dated: April 10, 2007                      *s/ James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[3]     28 U.S.C. § 1915(a)(3) provides:

       An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.